nese population-control policies. Denial of that motion is reviewed for abuse of discretion. *E.g., Gomez–Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir.2009).

Lin contends the BIA abused its discretion by: relying, for purposes of the Falun Gong claim, on the IJ's credibility determination as to the population-control claim; rejecting as unauthenticated a letter purportedly from a Chinese village government; relying on the silence of the State Department's profile as to the Chinese government's pursuit of Falun Gong practitioners in the United States; and rejecting the letters from his father and wife, as those could not have been presented to the IJ because they addressed his Falun Gong practice.

With the exception of his contention about his family's letters, Lin did not raise any of these contentions in his motion for remand. Nor did he file a motion for reconsideration of the BIA's decision. Thus, he has failed to exhaust administrative remedies as to those contentions, and our court lacks jurisdiction to consider them. *E.g., Omari v. Holder,* 562 F.3d 314, 320 (5th Cir.2009).

As for Lin's contention that the letters from his father and wife were unavailable at the time of the IJ hearing, the BIA determined that Lin failed to demonstrate that, to the extent they addressed China's coercive population-control policies, he could not have obtained them earlier. With respect to the letters regarding Lin's involvement in Falun Gong, the BIA determined that they were entitled to little weight because the father and wife were interested witnesses who were not subject to cross-examination. Lin failed to brief those issues and, consequently, has waived them. Fed. R.App. P. 28(a)(9)(A).

DENIED IN PART; DISMISSED IN PART.

Ali **IBRAHIM**, Plaintiff–Appellant–Cross–Appellee

v.

**ANAZ INCORPORATED; Abdul Patel Enterprises, Incorporated; 11800 Metric, Incorporated; Nuraminco, Incorporated; Azan, Incorporated; M–Saz, Incorporated; Naaz Laundry, Incorporated; Naaz Real Estate, Incorporated; Abdul Patel, also known as Akbar Patel, also known as Raju Charania; Amin Momin, also known as Shaukat Patel; Naseem Momin; Shamin Merchant, Defendants–Appellees–Cross–Appellants.**

No. 11–50437.

United States Court of Appeals, Fifth Circuit.

May 4, 2012.

Derek Grattan Flynn, Esq., Craig A. Duewall, Shannon, Gracey, Ratliff & Miller, L.L.P., Austin, TX, for Plaintiff–Appellant–Cross–Appellee.

Dale Ossip Johnson, Johnson Firm, P.L.L.C., Cedar Park, TX, Edwin Gerald Morris, Law Office of E.G. Morris, Austin, TX, for Defendants–Appellees–Cross–Appellants.

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

UNITED STATES of America,
Plaintiff–Appellee

v.

Jorge BLANCO–CASTILLO,
Defendant–Appellant.

No. 11–41068
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 4, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Jorge Blanco–Castillo challenges his 46–month sentence, imposed following his guilty-plea conviction on one count of attempted exportation of defense articles from the United States. Blanco contends his within-Guidelines sentence is: procedurally unreasonable because the district court misapprehended its authority to impose a downward departure pursuant to application note one of Guideline § 2M5.2; and substantively unreasonable because it is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

Although Blanco moved in district court for a downward departure pursuant to Guideline § 5K2.0, he did not raise the procedural-and-substantive-reasonableness contentions he raises here. Accordingly, review is only for plain error. *E.g., United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.2009). For plain error, a forfeited error that is clear or obvious and that affects his substantial rights must be shown. *E.g., Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If such a showing is made, our court has the discretion to correct the error but will generally do so only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Our court lacks jurisdiction to review a district court's refusal to depart downward from the Guidelines-sentencing range, *see United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir.2006), unless the district court "held a mistaken belief that the Guidelines do not give it the authority to depart". *United States v. Lucas*, 516 F.3d 316, 350

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.